No. 3107

Second Circuit

JONES v. HARDY ET AL.

(July 1, 1929. Opinion and Decree.)

Mabry & Carstarphen, of Shreveport, attorneys for plaintiff, appellee.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendants, appellants.

WEBB, J. Defendant, Mrs. Eva M. Hardy, entered into a written contract with T. P. Whittington for the construction of improvements, according to plans and specifications, on property belonging to Mrs. Hardy, and Whittington sub-contracted with plaintiff, Frank B. Jones, to do a part of the work, which consisted of the construction of concrete walks, garage floor and approach to the garage.

After the completion of the work by Jones, Whittington paid him $100 on the contract price of $327.45, and no further payments being made, Jones filed a lien against the property for the balance of $227.45 and instituted the present action against Mrs. Hardy and Whittington, in which he alleged the facts above stated and that Mrs. Hardy had failed to have the contract for the construction of the improvements recorded, and prayed for judgment against Mrs. Hardy and Whit-

tington in solido for the alleged balance due, with legal interest from October 28, 1924, the alleged date of the completion of the work, and for recognition of the lien filed against the property.

Mrs. Hardy and Whittington, in their original answer, pleaded that the work done by plaintiff was defective, and that Mrs. Hardy had been forced to have some of the work reconstructed at an expense of $95.30, which amount was pleaded as a set off or counter-claim to plaintiff's demand, and by an amended and supplemental answer defendants alleged that plaintiff had failed to construct the garage floor and approach or apron in accordance with the plans and specifications; that water would run into the garage from the approach or apron, due to the defective construction of the apron, and that the water would stand in the garage, due to the defective construction of the floor, which did not have a sufficient pitch or fall from the rear to the front to permit the water to drain from the floor; that the expenditure of $95.30 by Mrs. Hardy in having a part of the apron or approach reconstructed had not remedied the defect, and that it would be necessary to reconstruct the garage floor and apron at an expense of $150, which amount should be allowed as an additional set-off to plaintiff's demand.

Trial was had, and plaintiff's demands being rejected as of non-suit, a motion was made for new trial, which was granted on agreement of counsel that defendants would not be cast for more than one-half of the costs incurred at that date, and defendants filed another supplemental and amended answer, reiterating their former allegations and further alleging that the cost of reconstructing the floor of the garage and approach would amount to $267.75, and prayed

that plaintiff's demands be rejected and for judgment in reconvention in the sum of $267.75, and on trial judgment was rendered in favor of plaintiff in the sum of $227.45 and in favor of defendants on their reconventional demand in the sum of $80 for reconstructing the garage floor, which amount was ordered to be deducted from the amount awarded plaintiff, and ordering that the costs be borne equally by the parties.

Mrs. Hardy alone appealed from the judgment, and plaintiff has answered the appeal, praying that the judgment be amended and that he have judgment for the full amount claimed, without any deduction, and that defendant be cast for the entire costs.

The evidence conclusively established that, after the completion of the work by plaintiff, water from rains would flow into the garage from the apron or approach, and that due to the fact that the floor of the garage was lower at the rear than at the front the water would stand in the garage until it evaporated or was swept out; but plaintiff contends that the work was done under the direction of Whittington, who did not give him the plans and specifications, and that he having followed the instructions of Whittington and constructed the work as directed, should not be held liable for any defect in the work resulting therefrom.

There is a direct conflict in the evidence as to whether or not Whittington gave any instructions to plaintiff. However, it is conceded that plaintiff knew that the contract between Whittington and Mrs. Hardy was to be done under plans and specifications, and plaintiff's action being based on the contract he was chargeable with notice of the plans and specifications, and should not be permitted to recover against Mrs. Hardy for work which was not in compliance therewith or where the work was done in such manner as would permit water to flow from the approach or apron into the garage, where the construction of the floor was such that the water would not drain, unless it clearly appears that the defective construction was due to the plans and specifications, which is not suggested was the case in the present instance.

The evidence clearly established that the cost of reconstructing the garage floor would be at least $80, and while it is not shown with certainty what would have been the cost of remedying the defective construction of the apron, it appears that the minimum would have been at least $70, and we are of the opinion that there should be deducted from the amount claimed, $150.

Relative to the costs, the record shows that defendant did not demand that plaintiff should remedy the defects prior to attempting to have such work done, and that she did not take any action until the plaintiff instituted suit, and while it may be said that the work as completed by plaintiff was not a substantial compliance with the contract, and defendant should not be cast for the costs, in view of the power of the court to cast the costs upon the parties as the equities direct (Act No. 229 of 1910), we do not think that the circumstances presented here authorize a variance from the usual rule that the costs follow the judgment (Block vs. Creditors, 46 La. Ann. 1334, 16 So. 267; art. 549 C. P.), and that defendant should pay all costs, except those which had accrued at the time the new trial was granted, of which it was agreed, as above stated, that defendant would not pay more than one-half.

It is therefore ordered that the judgment appealed from be set aside, and that plaintiff, F. B. Jones, have and recover judgment against defendant, Mrs. Eva M. Hardy, in the sum of $227.45, less $150, with legal interest from October 28, 1924, and with recognition of a privilege and lien on the south half of lots 12 and 13 Margaret Place subdivision of the city of Shreveport, Caddo Parish, Louisiana, to secure the amount of the judgment, interest and costs herein rendered; and it is further ordered that plaintiff pay one-half of the costs incurred to the date the new trial was granted on March 7, 1927, and that all other costs in the district court be paid by defendant, and that plaintiff pay the cost of the appeal.